**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costs Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Jessica R. K. Dorman, Esq. (SBN: 279919)
Jessica@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Rebecca Scheuerman

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Rebecca Scheuerman, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br>v.<br><br>**VITAMIN SHOPPE INDUSTRIES, INC., d/b/a VITAMIN SHOPPE, INC,**<br><br>**Defendant.** | Case No.:  **'15CV0025 AJB NLS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND RESTITUTION FOR VIOLATIONS OF CALIFORNIA'S BUS. & PROF. CODE §§ 17200 ET SEQ.; CALIFORNIA'S BUS. & PROF. CODE §§ 17500 ET SEQ.; CALIFORNIA'S HEALTH AND SAFETY CODE § 110660; NEGLIGENT AND INTENTIONAL MISREPRESENTATION.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

**INTRODUCTION**

1. REBECCA SCHEUERMAN ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint to challenge the actions of VITAMIN SHOPPE INDUSTRIES, INC., D/B/A VITAMIN SHOPPE, INC ("VITAMIN SHOPPE" or "Defendant") with regard to Defendant's false promotion of its Reservie Trans-Resveratrol products (250mg and 500mg) as, *inter alia*, primarily consisting of "French Grape Seed Extract," and "Organic Muscadine Grape and Seed" while entirely omitting the main plant used in the product to provide trans-resveratrol, *Polygonum cuspidatum*, or Japanese Knotweed, as required under federal law. The nationwide advertising, promotion, marketing, packaging and selling of Defendant's trans-resveratrol content constitutes: (a) a violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq., (b) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 et seq.; (c) California Health and Safety Code § 110660; (d) negligent misrepresentation and (e) intentional misrepresentation. This conduct caused Plaintiff and the putative class members damages, and requires restitution to remedy and/or prevent further damages.

2. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

**NATURE OF ACTION**

3. Dietary supplements sold in the United States commonly contain or are comprised mainly of plants, plant extracts or plant parts that provide important nutrients. As such, legislation has been enacted to protect consumers by providing them with adequate information about what exactly

Kazerouni Law Group, APC

a dietary supplement contains before consuming it. One of these protections exists in 21 C.F.R. § 101.4(h) which requires the following:

> The common or usual name of ingredients of dietary supplements that are botanicals (including fungi and algae) shall be consistent with the names standardized in Herbs of Commerce
>
> ….
>
> The listing of these names on the label shall be followed by statements of: (1) The part of the plant (e.g., root, leaves) from which the dietary ingredient is derived
>
> …
>
> (2) The Latin binomial name of the plant, in parentheses, except that this name is not required when it is available in the reference entitled: Herbs of Commerce for the common or usual name listed on the label
>
> …

4. These protections provide consumers important knowledge for decision making including, but not limited, whether to take a dietary supplement containing a specific plant that they may have an allergy, sensitivity or other adverse reaction to but that is not one of the eight major allergens required to be listed under federal law.

5. Laws have also been put in place to protect consumers from false claims of quality or purity of ingredients and nutrients. The term "organic" is used to convey the message that the product is a healthier choice than competing products that contain processed ingredients, potential pesticides, are grown with chemical fertilizers and that the product is superior and even worth a premium price because of the benefit. Whereas some may see the terms "natural" or "organic" as interchangeable, only the term "organic" is

**CLASS ACTION COMPLAINT**

defined by law and carries any weight.

6. The term "organic" is regularly used by manufacturers, such as Vitamin Shoppe, to describe a product that has been deemed and/or certified organic by the federal government (specifically, the United States Department of Agriculture), whereas the term "natural" has no such certification requirements. The term natural can mean anything as there is no regulation, but "organic" has a very unique meaning. More specifically 7 C.F.R. § 205.301 requires that products stating "Made with organic (specified ingredients)" must "…contain (by weight or fluid volume, excluding water and salt) at least 70 percent organically produced ingredients…"

7. At all times relevant, Vitamin Shoppe has made, and continues to make, affirmative misrepresentations and/or omissions regarding its Reservie Trans-Resveratrol products.  Specifically, the Reservie Trans-Resveratrol products, which have been packaged, advertised, marketed, promoted and sold by Vitamin Shoppe to Plaintiff and other consumers similarly situated, were represented by Defendant to contain grape based or organic trans-resveratrol as a substantial ingredient, i.e., "French Grape seed extract" and "organic muscadine grape and seed." Although Reservie Trans-Resveratrol contains some grape and organic ingredients, Reservie Trans-Resveratrol contains little grape based trans-resveratrol (or much less than consumers reasonably expect based upon Defendant's representations as alleged herein) from the claimed "French grape seed extract" and "Organic Muscadine Grape and Seed" a fact that Defendant knew and purposely failed to disclose (or adequately disclose) to consumers. The Reservie Trans-Resveratrol products consist of mostly, non-organic, presumably Chinese sourced *Polygonum cuspidatum*, commonly known as Japanese Knotweed, which is a much cheaper source of trans-resveratrol than French Grape Seed Extract based trans-resveratrol or Organic Muscadine Grape

based trans-resveratrol.[1] To this day, Defendant has taken few, if any meaningful steps to clear up consumers' misconceptions regarding the Reservie Trans-Resveratrol product.

8.  As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other consumers similarly situated have purchased Reservie Trans-Resveratrol under the false impression that, by consuming the product they would be enjoying the healthful and nutritional benefits associated with a product which they reasonably believed, based upon Defendant's representations alleged herein, at least substantially contained trans-resveratrol from French Grape Seed Extract or other grape sources.[2]

---

[1] "Although we commonly think of resveratrol as coming from grape skins and red wine, many resveratrol supplements obtain their high doses of the powerful antioxidant from the Japanese knotweed plant. Native to parts of Asia including Japan, China and Korea, Japanese knotweed is successfully grown in North America and Europe as well. Providing a more concentrated source of resveratrol, Japanese knotweed is preferred over grape skins by many dietary supplement manufacturers. Unlike grapes, Japanese knotweed can be grown year round, allowing manufacturers to have a consistent source of resveratrol for their pills." http://www.resveratrolbenefits.com/japanese-knotweed.html, which was accessed on July 20, 2014.

[2] "Because there have been very few studies conducted on resveratrol in humans, doctors still can't confirm any benefits, and they don't know what effects these supplements might have on people over the long term. So far, studies have not discovered any severe side effects, even when resveratrol is taken in large doses. However, resveratrol supplements might interact with blood thinners such as warfarin (Coumadin), and nonsteroidal anti-inflammatory medications such as aspirin and ibuprofen, increasing the risk for bleeding. Like other supplements, resveratrol isn't regulated by the FDA, so it's difficult for consumers to know exactly what they're getting when they buy a bottle, or whether the product is actually effective. There also isn't any specific dosage recommendation, and dosages can vary from supplement to supplement. The dosages in most resveratrol supplements are typically far lower than the amounts that have been shown beneficial in research studies. Most supplements contain 250 to 500 milligrams of resveratrol. To get the equivalent dose used in some animal studies, people would have to consume 2 grams of resveratrol (2,000 milligrams) or more a day. The

Kazerouni Law Group, APC

9. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations and/or omissions, which are prominently displayed on the product's packaging for Reservie Trans-Resveratrol, as well as on Defendant's website, prior to purchasing the product. In fact, Defendant completely omitted the words "Japanese Knotweed" or "*Polygonum cuspidatum*" or the plant part this botanical as required by 21 C.F.R. 101.4, from its website, packaging, advertising, marketing and promotional materials.

10. As a result of Defendant's representations and/or omissions regarding Reservie Trans-Resveratrol, Plaintiff and other consumers similarly situated overpaid for the product because the value of the product was diminished at the time it was sold to consumers. Had Plaintiff and other consumers similarly situated been made aware that the Reservie Trans-Resveratrol products contained little or no grape based resveratrol (or much less than consumers reasonably expect based upon Defendant's representations alleged herein) from French Grape Seed Extract or other grape sources, they would not have purchased the Reservie Trans-Resveratrol products, would have paid less for it, or purchased a different Reservie Trans-Resveratrol supplement.

11. As a result of Defendant's false and misleading statements and failures to disclose (or adequately disclose), as well as Defendant's other conduct described herein, Plaintiff and other consumers similarly situated purchased hundreds of thousands of units of the Reservie Trans-Resveratrol products and have suffered, and continue to suffer, injury in fact.

bottom line: Until more high-quality research is available, experts say they can't recommend resveratrol supplements for antiaging or disease prevention" http://www.webmd.com/heart-disease/resveratrol-supplements, accessed July 20, 2014.

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

12. Defendant's conduct violates several federal and California State laws, as alleged more fully herein.

13. This action seeks, among other things, restitution of all amounts unlawfully retained by Defendant from Defendant's wrongdoing alleged herein.

## JURISDICTION AND VENUE

14. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), as the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which the named Plaintiff is a citizen of a State different from Defendant.

15. Defendant has a great number of retails stores across California, as well as a website from which it sells its Reservie Trans-Resveratrol products to consumers. Plaintiff believes that Defendant has sold in excess of $5,000,000 worth of its Reservie Trans-Resveratrol products to consumers.

16. This Court has personal jurisdiction over Defendant because Defendant does business in the State of California, is incorporated in the State of New York, has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that Defendant resides within the judicial district and many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district; and

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

(d) the harm to Plaintiff occurred within this district.

## PARTIES

18. Plaintiff is, and at all relevant times was, a natural person residing in the State of California, County of Chula Vista.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant's principal place of business is 2101 91st Street, North Bergen, New Jersey 07047, and is incorporated under the laws of the State of Delaware, and does business within the State of California and this district.

## GENERAL ALLEGATIONS

20. Vitamin Shoppe, is a leading producer and retailer of health supplements in the United States. Defendant sells Reservie Trans-Resveratrol in varying quantities, including 250 mg and 500 mg, throughout the United States, including in California.

21. It has become recently well known that resveratrol may be a powerful antioxidant, and is found in high concentrations in certain types of grapes, such as French Red-Wine Grapes and other grape sources. For years, scientists have believed the health benefits that come from consuming red wine, which may be helpful in maintaining health and preventing disease by neutralizing free radicals,[3] thus helping to prevent cell and tissue damage.

22. During the "Class Period" as defined in paragraph 116, Plaintiff was exposed to and saw Defendant's advertising, marketing, promotional and packaging claims, purchased Reservie Trans-Resveratrol 250 mg in reliance on these claims, and suffered injury in fact and lost money as a result of

---

[3] Free radicals are atoms or molecules in a person's body with an unpaired electron, making them highly unstable. Normally, electrons are found in pairs, and therefore, the free radicals collide with other molecules in an attempt to steal an electron, which in turn, may start a chain reaction, causing damage to cell membranes and DNA through a process known as oxidative stress. In fact, free radicals are able to aggressively destroy healthy cells and have been linked to serious health threats, such as cancer and heart disease.

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

Defendant's unfair, misleading and unlawful conduct described herein.

23. Plaintiff is a generally health conscientious person who often shops at health foods stores and supplement shops. Purity of health supplements and accuracy of a product's labeling is important to Plaintiff.

24. Prior to purchasing Reservie Trans-Resveratrol, Plaintiff visited the website for Vitamin Shoppe, where Defendant advertised its Reservie Trans-Resveratrol product.

25. Health conscientious people, like Plaintiff, typically rely on a company's representations, including representations found on a company's website, when purchasing that company's products, especially representations about the source of the nutrients or that a product is, or is mostly, "organic," such as the Reservie Trans-Resveratrol product that is labeled "Made with Certified Organic Ingredients," which is sold by Defendant "Vitamin Shoppe." Plaintiff contends that Defendant's Reservie Trans-Resveratrol products are not made of at least 70% organic materials.

26. On April 9, 2014, Plaintiff purchased a bottle of Resveratrol 250 mg (120 capsules) from the Vitamin Shoppe in San Ysidro, California, because Plaintiff had been exposed to representations by Defendant, including those on Defendant's website, that it was resveratrol from grapes and similar representations from Defendant.

27. Plaintiff paid $27.99 pre-tax for the Reservie Trans-Resveratrol product.

28. Plaintiff was seeking a dietary health supplement that was high in resveratrol from grapes because Plaintiff believed that such substance would likely result in substantial health benefits, such as longevity of life and other health benefits and not be tainted with solvents such as would be used in the manufacture of Chinese sourced materials, like Japanese Knotweed.

29. Plaintiff trusted the "Vitamin Shoppe" brand name because of Defendant's

Kazerouni Law Group, APC

Kazerouni Law Group, APC

claims and wide-spread marketing of the purported high quality of its products and Plaintiff's interest in such advertised quality. Plaintiff reasonably relied upon the representations on Reservie Trans-Resveratrol packaging and various forms of advertisement, such as by internet, rather than performing in-depth independent research into the truthfulness or accuracy of Defendant's representations.

30. Plaintiff consumed the Reservie Trans-Resveratrol product subsequent to purchasing it.

31. Sometime after purchasing and consuming Reservie Trans-Resveratrol, Plaintiff learned that it was not likely that Reservie Trans-Resveratrol contained "250 mg" of resveratrol from "French Grape Seed Extract" and "Organic Muscadine Grape and Seed" or even a substantial amount of grape based or organic resveratrol.

32. Plaintiff was shocked to learn that it was Japanese Knotweed that was standardized to contain 250 mg of resveratrol, which means that Reservie Trans-Resveratrol could not possibly contain 250 mg of resveratrol from French and organic grape sources.

33. Defendant's many representations concerning the Reservie Trans-Resveratrol product led Plaintiff to believe that Reservie Trans-Resveratrol contained resveratrol from French and organic grapes that were supposed to be a very pure source of resveratrol, according to Defendant's website, as opposed to non-organic Japanese Knotweed, which is presumably from China, as explained in detail below.

34. Health conscientious people, like Plaintiff, also tend to select products that are created from ingredients they know. It is for this reason that Defendant intentially chose to mislead through its labeling and advertising that its Reservie Trans-Resveratrol product was comprised of Trans-Resveratrol from grapes, a easily recognizable fruit, instead of Japanese Knotweed, a

**CLASS ACTION COMPLAINT**

generally unknown plant.

35. With the alleged nutritional and health benefits of resveratrol becoming more widely known, consumer demand for resveratrol has increased significantly over the past few years.  Defendant hoped to profit from such research and discovery by selling its products, such as Reservie Trans-Resveratrol, and differentiating from other resveratrol products by claiming it substantially contained organic ingredients and/or grape based trans-resveratrol.

36. The words "organic" and "grape" are used on Reservie Trans-Resveratrol's packaging, as well as the website while the words "Japanese Knotweed" are completely omitted

37. Defendant seeks to capitalize on consumers' preference for organic foods and health supplements with the association between such foods and supplements and a wholesome and healthy way of life. Defendant is aware that consumers are willing to pay more for organic supplements because of this association, as well as the perceived higher quality, health and safety benefits with products labeled as "organic."

38. Further, Defendant chooses to highlight grape sourced materials as the source of the trans-resvertrol because known and common fruits, such as grapes, are more appealing to consumers than Japaneese Knotweed, which is a relatively unknown plant to most consumers and produced in China, which has other negative connotations.

39. In making Plaintiff's decision to purchase Reservie Trans-Resveratrol 250 mg, Plaintiff relied upon, *inter alia*, the labeling, packaging, advertising and/or other promotional materials prepared and approved by Defendant and its agents and disseminated through its packaging, advertising, marketing, promotion, and/or through local and national advertising media, including Defendant's internet websites, media and in-store advertisement,

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

1   containing the misrepresentations and/or omissions alleged herein.

2   40. On Defendant's website, Vitamin Shoppe advertises the Reservie Trans-

3   Resveratrol (in the 250 mg bottle containing 120 capsules) as follows:



20   Thus, the front packaging states that it is "Made with Certified Organic

21   Ingredients," rather than referencing Japanese Knotweed, which constitutes

22   the main resveratrol ingredient in Reservie Trans-Resveratrol and does not

23   come from France and is not organic. This misrepresentation of the

24   products as "organic" is in direct violation of 7 C.F.R. § 205.301.

25   41. Further, on it's website Defendant provides the Supplement Facts label

26   from the Reservie Trans-Resveratrol product (in the 250 mg bottle

27   containing 60 capsules):

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

**Reservie Trans Resveratrol Supplement Facts**

How do you read a supplement facts label?

## Supplement Facts
**Serving Size** 1 VEGGIE CAP
**Servings Per Container** 60

| | Amount Per Serving | % Daily Value |
|---|---|---|
| RESERVIE TRANS-RESVERATROL COMPLEX BLEND (TRANS-RESVERATROL STANDARDIZED TO CONTAIN 500 MG OF TRANS-RESVERATROL, FRENCH GRAPE SEED EXTRACT, ORGANIC MUSCADINE GRAPE AND SEED (VITIS ROTUNDIFOLIA)) | 1000 Mg | N/A* |
| QUERCETIN(AS QUERCETIN DIHYDRATE) | 40 Mg | N/A* |

* Daily value not established
**Other Ingredients:**
Vegetable cellulose, magnesium stearate, silica

42. It's true that grapes are generally known to contain resveratrol, but without a substantial amount of grapes (so much so that the product cannot fit into a standardized consumable capsule), it is not commercially or financially viable to produce a consumable capsule containing 500 mg of resveratrol from such grapes (or even 250 mg), such as the French Grape Seed Extract and Organic Muscadine Grape and Seed as advertised by Defendant.

43. According to the Linus Pauling Institute Micronutrient Research for Optimum Health, located at http://lpi.oregonstate.edu/infocenter/phytochemicals/resveratrol, accessed on July 20, 2014, "Red wine extracts and red grape extracts containing resveratrol and other polyphenols are also available in the U.S. as dietary supplements. Resveratrol supplements may contain anywhere from **10-50 mg of resveratrol**, but the effective doses for chronic disease prevention in humans are not known." (Emphasis added.)

44. On the Supplement Facts panel, on the back of the packaging, and the product, Reservie Trans-Resveratrol purports to combine two of nature's alleged most potent sources of trans-resveratrol, French Grape Seed Extract and Organic Muscadine Grape and Seed, into a single supplement in the

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

form of a consumable capsule. However, the main ingredient in Reservie Trans-Resveratrol, and the main ingredient providing substantial trans-resveratrol, is non-organic Japanese Knotweed, not French Grape Seed Extract or Organic Muscadine Grapes. Non-organic Japanese Knotweed is a much cheaper and more plentiful source of natural trans-resveratrol, as opposed to organic, grape based resveratrol or even non-organic grape based resveratrol. In addition, despite Defendant's claim "…From French Grape Seed Extract…", Plaintiff believes that Defendant's Japanese Knotweed is sourced from China, not France.

45. The Supplement Facts panel for the 250 mg quantity (60 capsules), which is also found on Defendant's website[4], indicates "750 mg" next to the word "Reservie Trans-Resveratrol" on the same line under the Supplement Facts panel. This is misleading because on its face, this capsule is providing the consumer 250 mg of resveratrol without indicating how much, if any, is actually resveratrol from grape sources.

46. According to the Supplement Facts panel, there is "750 Mg" of "Reservie Trans-Resveratrol Complex Blend" in the Reservie Trans-Resveratrol product, with the "750 Mg" listed to the right of the word "Reservie Trans-Resveratrol Complex Blend" on the same line. Reservie Trans-Resveratrol is therefore a deceptively packaged and advertised product designed to induce the purchase of Reservie Trans-Resveratrol as containing resveratrol from "Organic" and "French" grapes, even though the product does not in fact contain 750 Mg or even 250 mg of grape based resveratrol, and despite the front of the packaging which represents the presence of 250 mg of resveratrol from grapes per capsule in this product, that is "Made with Certified Organic Ingredients."

---

[4] See: http://www.vitaminshoppe.com/p/reservie-trans-resveratrol-250-mg-60-veggie-caps/vs-2841#.Uy-l91xggwi

**CLASS ACTION COMPLAINT**

Kazerouni Law Group, APC

47. Plaintiff and consumers similarly situated are simply not informed by Defendant exactly how much, if any, resveratrol from "French Grape Seed Extract" and "Organic Muscadine Grape and Seed" they are receiving in each capsule of Reservie Trans-Resveratrol, even though they are paying a premium for the product due to its advertising, marketing, and other misrepresentations.

48. Defendant fails to properly identify the name of the real predominant source of the trans- resveratrol, Japanese Knotweed, in violation of 21 C.F.R. § 101.4(h) and further claims that the product is "Made with..." organic ingredients, when such is not true in violation of 7 C.F.R.§ 205.301, because it contains less than 70% organic ingredients.

49. Even though Reservie Trans-Resveratrol contains little trans-resveratrol (or much less than consumers reasonably expect based upon Defendant's representations alleged herein) from French Grape Seed Extract or Organic Muscadine Grapes, Defendant made a tactical marketing and/or advertising decision to create a deceptive and misleading label for Reservie Trans-Resveratrol. Defendant's label fails to disclose how much trans-resveratrol, if any, is from conventional or organic grapes and further, misleadingly indicates that Reservie Trans-Resveratrol, which is advertised as "Made with Certified Organic Ingredients" contains 250 mg of trans-resveratrol from French grape seed extract and organic muscadine grape and seed, when such is not true.

50. Vitamin Shoppe could have associated the product with sources of trans-resveratrol other than French Grape Seed Extract, such as the Japanese Knotweed, which is the primary ingredient providing resveratrol in Resveratrol.

51. Defendant's decision to associate its product with grapes, including French and organic grapes, demonstrates Defendant's intention to focus consumers

Kazerouni Law Group, APC

on the more desired source of resveratrol, grapes, in the product, rather than the cheaper (presumably Chinese sourced) Japanese Knotweed.

52. The effect of Defendant's label is to communicate that the resveratrol in the product is composed primarily or wholly of grapes and grape seed, including French and organic grapes, since there are supposed to be great health benefits associated with red wine. As a result, purchasers are likely mislead and deceived by the product's label and other forms of marketing and advertising, and as a result purchasers reasonably expect that Reservie Trans-Resveratrol actually consists primarily grape based resveratrol, when, in fact, this is not the case.

53. In addition to the deceptive label, Defendant deceptively describes Reservie Trans-Resveratrol on its interactive website which is accessible to the general public. As explained below, Defendant's website conveys the marketing and/or advertising message in a calculated way to lead consumers to believe that the product primary contained resveratrol from grape sources, including French and organic grapes, when in fact it does not.

54. Plaintiff's claim that Defendant's website is misleading and deceptive is based on specific marketing and/or advertising content, which Defendant displays on its website, distinct from the misleading aspects of the product label. Specifically, the misleading and deceptive website content was not required by the FDA labeling requirements. Instead, Defendant voluntarily, and in violation of various laws, selected each of the features on the website in order to maximize its impact on consumers seeking to obtain information concerning Reservie Trans-Resveratrol. However, Defendant's website does not adequately inform consumers that the primary ingredient in Reservie Trans-Resveratrol and the primary source of resveratrol in the product is Japanese Knotweed, not French Grape Seed Extract and Organic

Kazerouni Law Group, APC

Muscadine Grape and Seed.

55. The scope of Defendant's advertising of Reservie Trans-Resveratrol is wide-spread. Reservie Trans-Resveratrol is marketed in California and throughout the nation. Defendant has advertised it Reservie Trans-Resveratrol product during the Class Period.

56. In addition, Plaintiff is informed and believes, and thereupon alleges, that Defendant has also engaged in other forms of advertising and/or marketing of Reservie Trans-Resveratrol, including print advertisements, point-of-purchase displays, and national in-store programs. Through the uniform deceptive and misleading advertising and marketing campaigns, Vitamin Shopp leads consumers to believe that the primary, or sole, ingredients in the product providing resveratrol are "French Grape Seed Extract" and "Organic Muscadine Grape and Seed", and that there is a significant amount of such organic or grape based resveratrol in each capsule.

57. As a result of this campaign, the average consumer, unaware that the product actually contains little or no organic or grape based resveratrol (or much less than consumers reasonably expect), has purchased the product believing the main and active nutrient, resveratrol, in the product is derived primarily or solely from grape sources, namely French and organic grapes. The primary ingredient is actually Japanese Knotweed, which is much cheaper than grape based resveratrol, and presumably from China, a much less desirable source of origin than the United States and France.

58. Moreover, consumers' confusion is reasonable, given that red wine is typically thought of as an excellent source of resveratrol, and a product advertised and/or promoted as made from grapes should primarily contain grapes that provide the main nutrient, not Japanese Knotweed.

59. Accordingly, Defendant's representations regarding trans-resveratrol are false, misleading and/or fail to disclose material facts. Defendant knew or

Kazerouni Law Group, APC

should have known and/or was reckless in not knowing and adequately disclosing that Reservie Trans-Resveratrol contained little or no grape based resveratrol (or much less than consumers reasonably expect). Defendant knew or should have known that its representations concerning Reservie Trans-Resveratrol were likely to deceive consumers into believing that they were purchasing primarily grape based resveratrol from French and organic grapes.

60. Plaintiff's claim that Defendant's product label and associated advertising is misleading and deceptive does not seek to bring a private action against the product's formal name in areas for which the Food and Drug Administration ("FDA") has promulgated regulations implementing the Federal Food and Drug and Cosmetic Act ("FFDCA"). Plaintiff's claim is, instead, predicated on the fact that the labeling and associated advertising is misleading and deceptive even if in compliance with the minimum requirements set forth by the FDA. Indeed, compliance with the minimum requirements is necessary, but it is not sufficient to determine whether a product's label is false and misleading, and simply does not provide a shield from liability. *See e.g.*, *Wyeth v. Levine*, 129 S. Ct 1187, 12012 (2009). In this case however, Defendant's label does not meet minimum requirements as discussed herein.

61. Plaintiff's state law claims are aimed at the features of the labeling of Reservie Trans-Resveratrol and associated advertising that are voluntary, and not required by the FDA regulations, which Defendant selected in order to maximize the label's deceptive impact upon Plaintiff and other consumer's similarly situated. Defendant made the decision to so label its product because of its marketing strategy. Indeed, Defendant's strategy misleads consumers to buy Reservie as a result of this deceptive message; and Defendant has been successful thus far, earning hundreds of thousands,

if not millions, of dollars annually from sales of Reservie Trans-Resveratrol throughout the nation within the last few years.

62. Defendant's misrepresentation specifically lies within its efforts to appear as though it was complying with FDA regulations. The formatting, and structure of the labels and nutritional information appears to the consumer to be accurate and in compliance. However, the fact remains that the amount of trans-resveratrol stated to be included within the product was not obtained from the sources listed, and therefore the regulations are not being followed, as the statements are untrue.

63. As a result of Defendant's representations and/or omissions, Plaintiff overpaid for Reservie Trans-Resveratrol purchased by Plaintiff because the value of the product was diminished at the time of the sale. Had Plaintiff been aware that Reservie Trans-Resveratrol included little resveratrol (or much less than consumers reasonably expect) from grapes, and contained less than 70 percent organic ingredients overall, Plaintiff would not have purchased it, would have paid less for it, or would have purchased a different resveratrol supplement. For all the reasons stated herein, Plaintiff suffered injury in fact and has lost monies as a result of Defendant's actions.

64. Defendant produces and/or sells Resveratrol in bottles of:

    (a) 250 mg (60 capsules);

    (b) 500 mg (60 capsules).

Defendant's packaging, labeling and marketing of these Reservie Trans-Resveratrol products is likewise false or misleading for the same or substantially similar reasons that Defendant's representations and/or omissions regarding Reservie Trans-Resveratrol 250 mg (60 capsules) is false or misleading and in violation of California law as alleged herein.

**FIRST CAUSE OF ACTION FOR VIOLATION OF
CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.
(California's False Advertising Law)**

65. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if set forth fully herein.

66. Plaintiff brings this cause of action on behalf of herself and on behalf of the putative class.

67. The misrepresentations, acts and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violates Business & Professions Code §§ 17500 et seq.

68. At all times relevant, Defendant's advertising and promotion regarding Reservie Trans-Resveratrol was untrue, misleading and likely to deceive the public and/or has deceived the Plaintiff and California consumers similarly situated by representing that the product contained primarily Trans-Resveratrol from grape sources, including French and organic grapes, when in fact defendant knew and failed to disclose that the product contain primarily Japanese knotweed, and little organic or grape based resveratrol (or much less than consumers reasonably expect based upon Defendant's representations alleged herein).

69. State law claims based on a food products misleading and deceptive labels are expressly permitted when they impose legal obligations identical to those of the FFDCA and its implementing FDA regulations, including FDA regulations concerning naming and labeling. *See e.g.*, *In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008).   Plaintiff § 17500 claim that the label of the Reservie Trans-Resveratrol product is false or misleading imposes legal obligations identical to 21 U.S.C. § 343(a) of the FFDCA, which states that, "a food shall be deemed to be misbranded…[i]f (1) its labeling is false or misleading in any particular[.]" Further, section

Kazerouni Law Group, APC

343(a) of the FFDCA is not subject to express preemption provision set forth in 21 U.S.C. § 343-1 of the FFDCA.

70. Defendant engaged in the false and/or misleading advertising and marketing alleged herein with the intent to directly or indirectly induce the purchase of Reservie Trans-Resveratrol.

71. In making and disseminating the statements and and/or omissions alleged herein, Defendant knew or should have known that the statements and and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500 et seq.

72. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's False Advertising, as more fully set forth herein. Plaintiff and members of the class have been injured because they overpaid for Reservie Trans-Resveratrol, since the value of the supplement was diminished at the time of sale. Plaintiff and members of the putative class have been injured because had they been made aware that the Resveratrol product contains primarily Japanese Knotweed and little grape based or organic resveratrol (or much less than consumers reasonably expect based upon Defendant's representations alleged herein), they would have not purchased the supplement, would have paid less for it, or would purchased a different resveratrol supplement.

73. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of untrue and misleading advertising and promotion of Reservie Trans-Resveratrol, as defined by Business & Professions Code §§ 17500 et seq., by engaging in the false advertising and promotion of Reservie Trans-Resveratrol as grape based Trans-Resveratrol.

74. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents a

Kazerouni Law Group, APC

continuing threat to consumers in that they will continue to mislead consumers to purchase Resveratrol on false premises.

75. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for Defendant's product, due to the unlawful acts of Defendant, during the Class Period.

## II.  SECOND CAUSE OF ACTION FOR VIOLATION OF
## CAL. HEALTH & SAFETY CODE §§ 110660
## (California's Sherman Law)

76. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if set forth fully herein.

77. Plaintiff brings this cause of action on behalf of herself and on behalf of the putative class.

78. State law claims based on a food products misleading and deceptive label are expressly permitted when they impose legal obligations identical to the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing FDA regulations, including FDA regulations concerning naming and labeling.  *See e.g.*, *In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008).  The Sherman law expressly incorporates into California law all of the food labeling regulations adopted pursuant to the FFDCA.  Plaintiff's § 17200 claim that the label of the Resveratrol product violates California Health & Safety Code § 110660 imposes legal obligations identical to 21 U.S.C.  § 343(a) of the FFDCA.  Since § 110660 imposes the identical legal obligation that "any food is misbranded if its labeling is false or misleading in any particular," part of Plaintiff's section 17200 claim (*infra*), which is based in part on § 110660, is expressly permitted and not preempted by the FFDCA. Further, § 343(a) of the FFDCA is not subject to

Kazerouni Law Group, APC

express preemption provision set forth in 21 U.S.C. § 343-1 of the FFDCA.

79. Section 110660 states, "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875, et seq. (the "Sherman law"). Defendant has violated § 110660 because the product label misleads and deceives consumers into believing that the primary ingredient in **Resveratrol** is resveratrol from grapes, when in fact, the product contains little organic or grape based resveratrol (or much less than consumers reasonably expect based upon Defendant's representations alleged herein), and does not contain 250 mg of resveratrol from grapes, and does not indicate the exact amount of organic or grape based resveratrol. The primary ingredient is actually Japanese Knotweed, which is presumably from China and not organic.

### III. THIRD CAUSE OF ACTION FOR VIOLATION OF
### CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.
### (California's Unfair Competition Law)

80. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

81. "Unfair competition" is defined in Business and Professions Code Section § 17200 as encompassing any one of the five types of business "wrongs," three of which are at issue here: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; and (3) a "fraudulent" business act or practice. The definitions in § 17200 are disjunctive, meaning that each of these five "wrongs" (Plaintiff alleges three of them here) operates independently from the others.

82. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17201.  Section 17204 authorizes a private right of action on both an individual and representative basis.

Kazerouni Law Group, APC

### a. "Unlawful" Prong

83. Because Defendant has violated California's False Advertising Law, Business & Professions Code §§ 17500 et seq., California's Health and Safety Code § 110660, and the FDA's regulations under 7 C.F.R. § 205.301 and 21 C.F.R. § 101.4(h) Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 et seq., which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

84. There were reasonably available alternatives to further Defendant's legitimate business interest, other than the conduct described herein.

85. Plaintiff and the putative class reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### b. "Unfair" Prong

86. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200, in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Without limitation, it is an unfair business act or practice for Defendant to knowingly and negligently represent to the consuming public, including Plaintiff, that Reservie Trans-Resveratrol is primarily composed of trans-resveratrol from grapes when it in fact is primarily composed of less expensive and less appealing sources of resveratrol, such as Japanese Knotweed. Defendant's business practices, and each of them, are "unfair" because they offend established public policy and/or are in moral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that Resveratrol has qualities and benefits, including quantities of grape based trans-

Kazerouni Law Group, APC

1   resveratrol that it does not have.

87. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Business & Professions Code §§ 17200 et seq., by engaging in the false advertising and promotion of Reservie Trans-Resveratrol as, *inter alia*, trans-resveratrol from grape sources, as described above.

88. Plaintiff and other members of the class could not reasonably have avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

89. Defendant could have and should have furthered its legitimate business interests by expressly indicating on its packaging and website the exact amount of organic and grape based resveratrol in Reservie Trans-Resveratrol. Further, it is not unreasonably difficult for Defendant to indicate the exact amount of organic and grape based resveratrol in its product.

### c. "Fraudulent" Prong

90. Defendant's claims and misleading statements were false, misleading and/or likely to deceive the consuming public within the meaning of § 17200.  Without limitation, it is a fraudulent act or business act or practice for Defendant to knowingly or negligently represent to Plaintiffs, whether by conduct, orally or in writing by:

(a) intentionally and misleadingly designing the product's front label by displaying the product's name "Reservie Trans-Resveratrol" from "Vitamin Shoppe" along with "Made with Certified Organic Ingredients" while Resveratrol predominately contains non-organic Japanese Knotweed (or contains much less organic or grape based

Kazerouni Law Group, APC

resveratrol than consumers reasonably expect based upon Vitamin Shoppe's representations alleged herein concerning Reservie Trans-Resveratrol) and other non-organic ingredients such as French Grape Seed Extract, Quercetin, Vegetable Cellulose, Magnesium Stearate and Silica;

(b) intentionally creating Defendant's website to mislead and deceive consumers into believing that Reservie Trans-Resveratrol primarily contains trans-resveratrol from "French Grape Seed Extract" and "Organic Muscadine Grape and Seed" without adequately identifying that the primary ingredient is actually Japanese knotweed, which is a less expensive source of resveratrol and presumably Chinese sourced.

91. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.   Such conduct is ongoing and continues to this date.

92. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers in that they will continue to be misled into purchasing Reservie Trans-Resveratrol on false premises.

93. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, the Reservie Trans-Resveratrol product, due to the unlawful acts of Defendant.

94. Thus, Defendant caused Plaintiff and other members of the Class to purchase Reservie Trans-Resveratrol on false premises during the Class Period.

95. Defendant has engaged in unlawful, unfair and fraudulent business acts or

Kazerouni Law Group, APC

practices, entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as result of each and every violation of the UCL, which are continuing, Plaintiff is entitled to restitution from against Defendant, as set forth in the Prayer for Relief.

96. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured because they overpaid for Reservie Trans-Resveratrol, since the value of the supplement was diminished at the time of sale. Plaintiff and members of the class of been injured because, had they been made aware that the product contained primarily Japanese knotweed and little or no resveratrol (or much less than consumers reasonably expect) from French Grape Seed Extract or Organic Muscadine Grape and Seed or other organic sources, they would not have purchased the product, would have paid less for it, or purchased a different resveratrol supplement.

97. Defendant, through its acts of unfair competition, has unfairly acquired money from Plaintiff and members of the putative class. It is impossible for the Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of the Defendant's books and records. Plaintiff requests that this Court restore this money and enjoin Defendant from continuing to violate California Business & Professions Code § 17200 et seq., as discussed above.

98. Plaintiff further seeks an order requiring Defendant to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

99. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, California Civil Code section 1021.5.

Kazerouni Law Group, APC

Kazerouni Law Group, APC

# IV. FOURTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION

100.   Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

101.   At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that Reservie Trans-Resveratrol contains trans-resveratrol from "French Grape Seed Extract" and "Organic Muscadine Grape and Seed" and completely omitted the true, predominant source of resveratrol, namely Japanese Knotweed.

102.   Defendant's representations were untrue in that Resveratrol does not contain 250 mg of resveratrol from organic grapes or grapes grown in France, and does not identify how much organic or grape based resveratrol is in each individual capsule.

103.   Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Reservie Trans-Resveratrol.

104.   Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased Reservie Trans-Resveratrol, as described above.

105.   At all times relevant, Defendant made the misrepresentations herein alleged, Defendant had no reasonable grounds for believing the representations to be true.

106.   As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for, the Reservie Trans-Resveratrol product,

**CLASS ACTION COMPLAINT**

due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

## V. FIFTH CAUSE OF ACTION
## FOR INTENTIONAL MISREPRESENTATION

107.     Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations.

108.     At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that Reservie Trans-Resveratrol contains trans-resveratrol from "French Grape Seed Extract" and "Organic Muscadine Grape and Seed."

109.     Defendant's representations were untrue in that Resveratrol does not contain 250 mg of resveratrol from organic grapes or grapes grown in France, and does not identify how much organic or grape based resveratrol is in each individual capsule.

110.     Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Reservie Trans-Resveratrol.

111.     Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the products, as described above.

112.     At all times relevant, Defendant made the misrepresentations herein alleged, Defendant knew the representations to be false.

113.     As a proximate result of Defendant's intentional misrepresentations, Plaintiff and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendant's product Reservie Trans-Resveratrol.

114.     Plaintiff is informed, and believes, and thereupon alleges, that

Kazerouni Law Group, APC

Defendant knew that Reservie Trans-Resveratrol was not as healthy as promoted, as it does in fact not contain 250 mg of resveratrol from organic grapes or grapes grown in France. Defendant intended that consumers and the unknowing public should rely on such representations and other representations as alleged herein. Plaintiff and other consumers similarly situated, in purchasing and using the products as herein alleged, did rely on Defendant's representations, all to their damage and/or detriment, as herein alleged. By engaging in said acts, Defendant is guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover exemplary or punitive damages.

## CLASS ACTION ALLEGATIONS

115.     Plaintiff and the members of the Class have all suffered injury in fact as a result of the Defendant's unlawful and misleading conduct.

116.     The "Class Period" means four years prior to filing of this action.

117.     Plaintiff bring this lawsuit on behalf of herself and the other California consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> "All persons in California who purchased Reservie Trans-Resveratrol , 250 mg (60 capsules), and 500 mg (60 capsules) formulated and distributed by Defendant, within four years prior to the filing of this action."

Excluded from the Class are Defendant and any of its officers, directors, and employees, or anyone who purchased Reservie Trans-Resveratrol (or Defendant's other products containing resveratrol) for

**CLASS ACTION COMPLAINT**

the purposes of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

118. ***Ascertainability.*** The members of the Class are readily ascertainable by resort to Defendant's records and/or Defendant's agent's records, including in-store and online sales, as well as through public notice.

119. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains several thousands of members.

120. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

(a) Whether Reservie Trans-Resveratrol, i.e., Reservie Trans-Resveratrol 250 mg (60 capsules), and 500 mg (60 capsules) contain primarily Chinese sourced Japanese Knotweed as the source of resveratrol;

(b) Whether Vitamin Shoppe's claims alleged herein are untrue, or are misleading, or reasonably likely to deceive;

(c) Whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code § 17200;

(d) Whether Defendant's conduct is a deceptive act or practice within the meaning of California Business & Professions Code § 17200;

(e) Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code § 17200;

Kazerouni Law Group, APC

(f) Whether Defendant's advertising is untrue or misleading with the meaning of California Business & Professions Code § 17500;

(g) Whether Defendant's advertising is untrue or misleading in violation of California Health And Safety Code § 110660;

(h) Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class; and,

(i) Whether Plaintiff and proposed members of the Class are entitled to restitution and/or disgorgement of Vitamin Shoppe's unjust profits.

121. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, purchased Resveratrol after exposure to virtually the same material misrepresentations and/or omissions appearing on the product packaging, and on Defendant's website, and received a product that contained no resveratrol from French Grape Seed Extract or Organic Muscadine Grapes (or much less than consumers reasonably expect from Defendant's representations). Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Vitamin Shoppe's misrepresentations and/or omissions regarding its other products containing resveratrol, i.e., Reservie Trans-Resveratrol 250 mg (60 capsules), and 500 mg (60 capsules), are substantially similar to the misrepresentations and/or omissions regarding the Reservie Trans-Resveratrol product. Defendant has no defenses unique to the Plaintiff.

122. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experience in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interest to those in the Class, and

Kazerouni Law Group, APC

will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of the Plaintiff and proposed Class.

123.    ***Superiority***. A class-action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

124.    Unless a Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide restitution is permitted as compensation and as a deterrent, Defendant will also likely continue to advertise, market, promote

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

and package Reservie Trans-Resveratrol in an unlawful and misleading manner, and members of the Class will continue to be misled and denied their rights under California law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff and Class members be awarded damages from Defendant as follows:

a.  Certifying the Class as requested herein;

b.  An order requiring imposition of a constructive trust to pay restitution to Plaintiff and all members of the Class and to restore to the plaintiff and members of the class all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

c.  Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

d.  Statutory prejudgment and post judgment interest;

e.  Special, general, and compensatory damages to Plaintiff and Class members;

f.  Costs of this suit;

g.  Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

h.  Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: January 7, 2015                   **KAZEROUNI LAW GROUP, APC**

BY: /S/ ABBAS KAZEROUNIAN

ABBAS KAZEROUNIAN, ESQ.
ATTORNEYS FOR PLAINTIFF

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**

**Trial By Jury**

1.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 7, 2015                       **KAZEROUNI LAW GROUP, APC**

                                             BY: /S/ ABBAS KAZEROUNIAN
                                                 ABBAS KAZEROUNIAN, ESQ.
                                                 ATTORNEYS FOR PLAINTIFF

Kazerouni Law Group, APC

**CLASS ACTION COMPLAINT**